UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ZZIPLINE, LLC,                          )
                                        )
        Plaintiff,                      )
                                        )
    vs.                                 )   Case No. 4:12CV994 JAR
                                        )
SOLUTIONS GROUP, INC., et al.,          )
                                        )
        Defendants.                     )

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion for Entry of Clerk's Default [ECF No. 11] and Plaintiff's Motion for Leave to File Reply to Counterclaims Out of Time [ECF No. 15]. For the following reasons, Defendants' motion will be denied and Plaintiff's motion will be granted.

**Background**

Because the standard for filing a motion for leave to file out of time requires addressing "all the relevant circumstances," Maritz, Inc. v. C/Base, Inc., 4:06CV761, 2007 WL 2302511, at *2 (E.D. Mo. August 7, 2007) (citing Pioneer Inv. Servs Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993)),  the Court will discuss the procedural history of this case.

On April 4, 2012, Plaintiff filed its complaint in the Circuit Court of St. Louis County asserting causes of action against Defendant for declaratory judgment (Count I), detrimental reliance (Count II), and injunction (Count III). The case was removed to this Court on June 4, 2012. [ECF No. 1]. Defendants Solutions Group, Inc. and James J. Berry were served with a copy of the Complaint on May 6, 2012. To date, James S. Berry has not yet been served with a summons and/or complaint. On June 11, 2012, Defendants filed their Answer to Plaintiff's complaint and asserted six (6) counterclaims including breach of contract, breach of covenant of good faith and fair dealing, quantum meruit, unjust enrichment, promissory estoppel and conversion. [ECF No. 8]. Plaintiff was

served with Defendants' answer and counterclaims by mail on June 11, 2012. (Id.). When Plaintiff failed to answer, respond or otherwise plead within 21 days after service of the answer and counterclaims, Defendants filed their Motion for Entry of Clerk's Default. [ECF No. 11]. On July 20, 2012, the Court ordered Plaintiff to show cause on or before July 30, 2012, why default should not be entered against it on Defendants' counterclaims and reserved ruling on Defendants' motion for entry of clerk's default. [ECF No. 12]. On July 29, 2012, Plaintiff filed its Motion for Leave to File Reply to Counterclaims Out of Time [ECF No. 15] and its Reply to Order to Show Cause [ECF No. 17].

**Legal Standard**

Federal Rule of Civil Procedure 6(b) authorizes courts to accept late filings where the failure to timely file is the result of "excusable neglect." Fed.R.Civ.P. 6(b).[1] Whether a party's failure to meet a deadline is excusable is an equitable determination, "taking account of all the relevant circumstances surrounding the party's omission." In re Harlow Fay, Inc., 993 f.2d 1351, 1352 (8th Cir. 1993) (quoting Pioneer, 507 U.S. at 395)). In making this determination, the Court considers a number of factors, including (1) the danger of prejudice to the non-moving party; (2) the potential impact on the proceedings; (3) the reason for the delay, including whether it was within the party's control; and (4) whether the party acted in good faith. Maritz, 2007 WL 2302511, at *2; see also Sugarbaker v. SSM Health Care, 187 F.3d 853, 855-56 (8th Cir.1999) (applying factors to "excusable neglect" under Rule 6(b)). The Eighth Circuit has indicated that the reason given for the late filing is the key consideration in determining whether there is

---

[1]"When an act may or must be done within a specified time, the court may , for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed.R.Civ.P. 6(b)(1)(B).

excusable neglect. Id., (citing Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir.2000)).

**Discussion**

Plaintiff's reason for its delay in replying to Defendants' counterclaims is that it was not notified that Defendants' counsel had been admitted to practice before this Court when the counterclaims were filed. As a result, Plaintiff assumed the filing of the counterclaims was without authority and would not require a response. Moreover, the parties had been cooperating to extend deadlines for responsive pleadings while they informally negotiated a resolution of their dispute. (Memorandum of Law in Support of Plaintiff's Motion for Leave to File Reply to Counterclaims Out of Time, Doc. No. 16, pp. 1-2).

In support of its Motion for Leave to File Counterclaim Out of Time and Reply to the Court's Order to Show Cause, Plaintiff submits the affidavit of its member-manager, Kirk Bowman, who acted as Plaintiff's attorney in filing suit in St. Louis County Circuit Court. (Bowman Affidavit, Doc. Nos. 15-1, 17-1). Bowman states he is not authorized to file or receive court filings by ECF electronic transmission, and that all notices and copies of orders and pleadings must be served either by mail or facsimile transmission.. (Bowman Affidavit, Doc. Nos. 15-1, 17-1, ¶ 2). Bowman further states he was not served with Defendant's counsel's Motions for Leave to Appear *Pro Hac Vice* or the Court's order granting those motions, and did not learn of the motions until he received the Court's July 20, 2012 Order to Show Cause. (Id., ¶¶ 6-7). Within four days of learning that the filing of the counterclaims was authorized, and that Defendants had moved for entry of default judgment for Plaintiff's failure to reply,

Plaintiff retained substitute counsel and filed its reply to Defendants' counterclaims on July 28, 2012, 23 days after the July 5, 2012 deadline.[2] (Id., ¶¶ 15-17).

At this early stage of the litigation, there is no apparent "impact on judicial proceedings" or prejudice to Defendants caused by Plaintiff's delay of 23 days. Furthermore, the Court has no reason to doubt the credibility of Plaintiff's stated reason for delay. For the foregoing reasons, the Court finds good cause to allow Plaintiff to file its reply to Defendants' counterclaims out of time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to File Reply to Counterclaims Out of Time [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Entry of Clerk's Default [11] is **DENIED**.

Dated this 2nd day of August, 2012.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff was served with Defendants' Answer and Counterclaims by mail on June 11, 2012. Reply was due in 21 days, with three days added for mailing. Fed.R.Civ.P. 4. Thus, Plaintiff's reply was due on July 5, 2012.